# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHERRY L. BATES,

        Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,

        Agency.

DOCKET NUMBER
CH-831M-18-0370-I-1

DATE: June 30, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Sherry L. Bates</u>, Knoxville, Iowa, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of an Office of Personnel Management (OPM) final decision after OPM represented that it had rescinded its decision during the pendency of the appeal. For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Central Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 The appellant filed a Board appeal challenging an OPM final decision, which denied her request to waive recovery of the overpayment of her Civil Service Retirement System (CSRS) disability retirement annuity benefits. Initial Appeal File (IAF), Tab 1 at 3, 5, 9-10. She requested a hearing. IAF, Tab 3 at 1. On June 19, 2018, OPM moved to dismiss the appeal for lack of jurisdiction because it had rescinded its final decision. IAF, Tab 7 at 4. OPM represented that, "[u]pon the dismissal of [the] appeal, it [would] review the case file and render a new final decision and give due process accordingly." *Id.* Three days later, on June 22, 2018,[2] the administrative judge issued an initial decision, finding that OPM's rescission of its final decision divested the Board of jurisdiction over the appeal. IAF, Tab 8, Initial Decision at 2.

¶3 The appellant filed a petition for review. Petition for Review (PFR) File, Tabs 1, 8. The agency filed an untimely response.[3] PFR File, Tab 9. Because there existed a question as to whether OPM had restored the appellant to her status prior to the issuance of the final decision, as required for a complete rescission, the Office of the Clerk of the Board issued a February 7, 2019 show cause order. PFR File, Tab 12. The parties did not respond.

---

[2] The administrative judge scheduled a telephonic status conference for June 22, 2018. IAF, Tab 5. It is not clear whether the administrative judge held the status conference on that date. If he did, the appellant did not participate. Petition for Review File, Tab 8 at 27.

[3] OPM filed its response to the petition for review on October 23, 2018, four days past the deadline of October 19, 2018. PFR File, Tabs 7-9. The Office of the Clerk of the Board provided OPM with an opportunity to show good cause for its untimely filing, to which OPM did not respond. PFR File, Tab 10. Thus, we have not considered OPM's untimely filing. *See* 5 C.F.R. § 1201.114(g) (requiring late filings on review to be accompanied by a motion showing good cause for the delay).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Generally, the Board has jurisdiction over OPM's determinations affecting an appellant's rights or interests under CSRS only after OPM has issued a final decision. 5 U.S.C. § 8347(d); *Miller v. Office of Personnel Management*, 123 M.S.P.R. 68, ¶ 7 (2015); 5 C.F.R. § 831.110. If OPM completely rescinds a final decision, the rescission divests the Board of jurisdiction over the appeal in which the final decision is at issue. *Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 8 (2013). However, if OPM does not restore the appellant to the status quo ante, the final decision has not been rescinded. *Id.*, ¶ 10. Thus, the appeal remains within the Board's jurisdiction in the event that OPM does not repay funds it previously withheld pursuant to an overpayment determination. *Id.*, ¶¶ 4, 10.

¶5 Here, OPM stated below that it rescinded its final decision and that it intended to issue a new final decision after the dismissal of this appeal. IAF, Tab 7. The appellant's allegations on review indicate that OPM may have made deductions from her annuity benefits for which she was not repaid. PFR File, Tab 8 at 4. Based on the record, it appears that OPM collected $256.47 toward the appellant's debt before it suspended further payments. IAF, Tab 1 at 7, 10-11. Because there is no indication that OPM afforded the appellant status quo ante relief, we find it necessary to remand this matter to the regional office for further development of the record on the jurisdictional issue and, if appropriate, adjudication on the merits. *See Campbell v. Office of Personnel Management*, 123 M.S.P.R. 240, ¶¶ 11-12 (2016) (remanding the appeal because the Board was unable to determine whether OPM has returned the appellant to the position in which she would have been had the final decision not been issued). If the administrative judge finds that OPM has repaid the withheld amount, he may once again dismiss the appeal for lack of jurisdiction. *Id.*, ¶ 11.

¶6    The appellant argues that she received untimely notice of the June 22, 2018 status conference. PFR File, Tab 8 at 6. She submitted evidence in the form of a postmarked envelope which she alleges shows that the regional office mailed her the initial decision on June 25, 2018, three days after the status conference was to be held. *Id.* at 27-28. She raises additional arguments that concern the merits of the appeal. PFR File, Tab 8. Because these arguments are not relevant to the dispositive jurisdictional issue, we decline to consider them further. *See Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (finding that an appellant's arguments on the merits of her appeal were immaterial to the jurisdictional question).

## ORDER

¶7    For the reasons discussed above, we REMAND this case to the Central Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.